PAUL WOOD, Respondent, v. THE RIO GRANDE WESTERN RAILWAY COMPANY, a Corporation, Appellant.

28   351
f35   399

No. 1577. (79 Pac. 182.)

1. **Master and Servant: Injury to Servant: Defective Appliances: Ownership: Inspection: Evidence: Admissibility.**

   In an action against a railroad for injuries to an employe by an alleged defective car from another road, in use by defendant, the record entry of an inspection of the car made by an employe of the road to whom the car belonged, three days after the plaintiff was injured, is inadmissible.

2. **Same: Duty of Master: Nature.**

   The duty of exercising reasonable and ordinary care in providing and maintaining reasonably safe machinery and appliances, imposed on the master by the contract of employment, is a personal one, which cannot be delegated so as to release the master from responsibility.[1]

---

[1] Pool v. Southern Pac. Ry., 20 Utah 210; 58 Pac. 326; Hill v. Southern Pac. Ry. Co., 23 Utah 94-102, 63 Pac. 814: Daniels v. Railway Co., 6 Utah 357, 23 Pac. 762, affirmed in Union Pac. Ry. Co. v. Daniels, 14 Sup., Ct. 756, 152 U. S. 684, 38 L. Ed. 597; Allen v. Railway Co., 7 Utah 239, 26 Pac. 297; Chapman v. Railroad Co., 12 Utah 30; 41 Pac. 551; Fritz v. Electric Light Co., 18 Utah 493, 56 Pac. 90.

3. Same: "Foreign Cars."

The duty applies as well to machinery and appliances which are
not owned by the master, but are received and used in his
business, as to machinery and appliances owned by him.

4. Same: Instructions: Inspection.

In an action against a railroad for injuries to an employe by an
alleged defective car, where the only evidence as to an in-
spection of the car by defendant was the testimony of de-
fendant's inspector, which showed that he did not know
what was done by him in making the inspection, an instruc-
tion to find for defendant if the duty of inspection was per-
formed with reasonable care before the plaintiff was injured
was unwarranted by the evidence.

5. Same: Harmless Error: Appeal.

Where correct instructions are first given, and afterwards
another instruction is given at the request of appellant,
which is favorable to him, but which is erroneous and in
conflict with the previous ones, the error is not cause for
reversal.

6. Same: Jury Trial: Power of Court: Waiver.

Though no demand is made by either party for a jury under
Revised Statutes 1898, section 3129, providing that either
party who desires a jury trial must demand it prior to the
time of setting the action for trial, or within such reason-
able time thereafter as the court may order, or orally in open
court at the time of such setting, the court possesses dis-
cretionary power to direct a trial by jury; and hence it is
not error, where the plaintiff, in open court, on the next day
preceding the trial, made the payment and demand for a
new list of jurors, authorized by Sess. Laws 1901, p. 154, c.
132, section 1, to order a jury drawn pursuant thereto, and
proceed with a trial by jury.[a]

(Decided December 31, 1904.)

Appeal from the Seventh District Court, Carbon
County.—*Hon. Jacob Johnson*, Judge.

Action to recover damages for personal injuries
alleged to have been caused by the negligence of the
defendant. From a judgment in favor of the plaintiff,
the defendant appealed.

[a]Whipple v. Preece et al., 24 Utah 364, 67 Pac. 1072.

AFFIRMED.

*Messrs. Sutherland, Van Cott & Allison, William D. Riter, Esq., and S. R. Thurman, Esq.,* for appellant.

The court erred in refusing to admit in evidence the record of inspection of the car C. P. 90727, kept by L. R. Rogers, upon proof of his handwriting, that the record was kept in pursuance of his duty, and the entry was made at the time of his inspection, it being shown that he was beyond the jurisdiction of the court.

In considering the question involved in the foregoing proposition, the distinction between the cases which hold that a written memorandum may be admitted in evidence irrespective of whether the person making it is dead, insane or beyond the jurisdiction of the court, and those which hold that as a prerequisite to the admission of such evidence, the death, insanity or absence of the witness from the jurisdiction of the court must first be shown, is to be carefully borne in mind. There are cases which go to the extent of holding that where entries are made in the due course of business and contemporaneously with the event recorded, they are admissible as original evidence of the fact recorded, as part of the *res gestae,* when the person who made them is living and accessible, but as to this the authorities are in conflict. The modern tendency seems to be to admit such entries as original evidence. 1 Greenl. Evidence (16 Ed.), p. 837, sec. 115 et seq.; p. 204, sec. 120; 2 Jones on Evidence, sec. 324; 9 Ency. Law (2 Ed.), p. 939; Railroad v. Ingersoll, 65 Ill. 399.

There is much to commend this rule thus broadly laid down. While there are cases to the contrary, we think the weight of authority is in favor of it, and the modern tendency is certainly in the direction of its full acceptance. However, in the case at bar, we are not required to rely upon this rule. The evidence shows

that the person who made the entry was beyond the jurisdiction of the court, that it was made in the ordinary course of his business, and contemporaneously with the fact.

There are three cases where the restricted rule has been announced; first, where the person making the memorandum is dead; second, insane; third, beyond the jurisdiction of the court. It is held by all the authorities that where the witness is dead or insane an entry will be admitted as original evidence because of the necessity of the case.

In 2 Jones on Evidence, section 323, the author says: "It has long been a settled rule of law, both in England and in this country, that a minute or memorandum in writing, made at the time when the fact it records took place by a person, since deceased, in the ordinary course of his business, corroborated by other circumstances which render it probable that the fact occurred, is admissible in evidence." Roberts v. Rice, 45 Atl. Rep. 237; Lassone v. Railroad, 17 L. R. A. 525. The question in this case is whether the same rule applies where the witness is not shown to be dead, but is shown to be beyond the jurisdiction of the court. Upon this question, while there is some slight conflict in the authorities, the overwhelming weight is in favor of the rule admitting the testimony, and in such case as in the case where the person making the entry is dead, the entry is admitted as original evidence of the fact recorded. 1 Greenl. (16 Ed.), sec. 120a; 2 Jones on Evidence, sec. 324.

In a note in the 15th American Decisions, 190, the same rule is stated in the following language: "The principle governing the admission of such books upon proof of the handwriting has, in the majority of States, been extended to include entries made by clerks without the jurisdiction of the court." Heiskell v. Rollins (Md.), 33 Atl. 263; James v. Wharton, 3 McLean 492, 13 Fed. Cas. 322; Vernam v. Chandler, 15 Tex. 441; Elms v. Chevis, 2 McCord L. 349; Garribrant v.

Wood, 4 Pa. Sup. Ct. 391; Bolling v. Fannin, 12 So. 59 (Ala.); Hay v. Craner, 2 Watts & S. 137; Reynolds v. Mannin, 15 Md. 510; Cummings v. Fullom, 13 Vt. 434.

In Allen v. Birdhouse, 8 Watts (Pa.) 77, where it is said "that absence from the State, as far as it affects the admissibility of secondary evidence, has the same effect as the death of the witness." 1 Smith's Leading Cases, 571, where it is observed: "And the admissibility of entries by a clerk who is out of the State or the jurisdiction of the court on proof of his handwriting is abundantly settled." Our own Supreme Court seems to recognize the rule in the case of Dyer v. S. L. City Mfg. Co., 14 Utah 339.

The contrary rule has been held in only two or three States. Jones cites only two cases to the contrary, namely: Brewster v. Doane, 2 Hill (N. Y.) 537; Moore v. Andrew, 5 Porter (Ala.) 107; 2 Jones, sec. 324. Later cases in both States seem to have departed from the rule. In Bollin v. Fannin (Ala.), 12 So. 59, the court says: "If he is dead or insane, or beyond the jurisdiction of the court proof of his handwriting will be sufficient." This is in direct conflict with the earlier holding in 5 Porter.

In Brewster v. Doane, supra, the Supreme Court of New York held that "if the person who made the entry be still living, though out of the State, he must be called or examined on commission; otherwise his entry or memoranda can not be received."

Counsel will insist that he is entitled to take advantage, upon this motion for a new trial, of the technical objections now urged to the admission of the evidence, notwithstanding the fact that specific objections were stated upon the trial, and that these particular objections now urged were not stated. This position is contrary to every authority in the books.

Cases may be cited to the point that where a general objection is made which is sustained, the ruling will not be disturbed if for any reason included within

the general objection such ruling can be upheld. Although authorities can be found to the contrary of this, it is not the proposition which we make. Our contention is that where a specific objection is made, all other objections are waived, and if such objection is sustained by the court, the ruling will not stand unless the specific objection urged is found to be good. We call the court's attention to a few cases out of a large number to this effect.

Bailey v. Railroad, 19 L. R. A. 653, 657, holding that where defendant objected to a question as not responsive, he waived all other objections. "The ground of objection having been particularly stated, all other grounds waived." State v. Leehman, 49 N. W. Rep. 3, 7; Alexander v. Thompson, 44 N. W. 534; People v. Manning, 48 Cal. 335, 338.

People v. McCauley, 45 Cal. 146, 148, holding that a party can not abandon the ground of objection taken to a question put to a witness on the trial below and assume another on the appeal. Agricultural Works v. Young, 62 N. W. 432, 434; McDonald v. Stark, 52 N. E. 37, 39; Railway v. Nix, 27 N. E. 81, 82; Evanston v. Gun., 99 U. S. 660, 665; Rush v. French, 25 Pac. 816, 822, 823, 824. We call the court's particular attention to this case. It is an exhaustive and admirable discussion of the question.

That it makes no difference whether the objection is overruled or sustained, but that the ruling will be reversed where the court has excluded testimony upon a specific objection unless that very objection is good, is likewise borne out by all the authorities. Rush v. French, 25 Pac. 822; Hanson v. M. M. Mutual Ins. Co., 45 Wis. 321; Cary v. White, 59 N. Y. 336, 340; People ex rel. Sears v. Tobey, 153 N. Y. 381, 399; Cummin v. Wilcox, 47 Mich. 501; Eisert v. Brandt, 31 N. Y. Supp. 121; McKnight v. Devlin, 52 N. Y. 399, 403.

The court erred in instructing the jury that the defendant was bound to use all reasonable care and caution to provide suitable and safe cars for the use of its

employees and in charging that it was the duty of the master to furnish a safe place and safe appliances for the servant, inasmuch as the rule invoked is not applicable to the facts of this case. One of the indisputable facts in the case is that the car in question did not belong to the defendant company but belonged to a foreign company, and that it was received by the defendant company simply for transportation over its lines from Ogden to the coal mines and return. In the face of this testimony, a finding of the jury to the contrary would be clearly erroneous. Now the rule, we think, is established by the authorities that the duty of a railroad company with reference to foreign cars received by it from connecting lines simply to be transported over its own lines is not the same as where it owns the car. In the case of foreign cars, the duty of the railroad company is that of inspection. If it is shown that a reasonably careful inspection has been made, its duty to its servants has been discharged. The duty is not that of furnishing safe appliances. The distinction is of vital importance. This being the rule of law, the plaintiff by presumption of law is held to know it. When, therefore, he goes upon the car in the performance of his duty as brakeman, he has a right to assume not that the master is bound to furnish safe appliances, and has discharged that duty, as the court erroneously charges, but to assume that the master has made a reasonably careful inspection to ascertain whether any defects existed. Railroad v. Myers, 63 Fed. 793-799, 76 Fed. 443; Railroad v. Mansberger, 65 Fed. 196-197; Keith v. Railroad, 140 Mass. 175; Railroad v. McMullan, 20 N. E. 287-289; Railroad v. Fry, 28 N. E. 989; Railroad v. Bates, 45 N. E. 108; Mackin v. Railroad, 135 Mass. 201-206; Anderson v. Railroad, 31 Am. and Eng. R. R. Cases, 19.

Contradictory and conflicting rules of law were given to the jury by the trial court in the charge. This by the uniform holding of this court is reversible error.

The court charged the jury (1) that it was the duty

of the defendant company to provide safe appliances and a safe place to work and (2) that the duty of the defendant company was not that of furnishing safe appliances but of reasonably careful inspection only. It will be seen that these two rules are in direct conflict. It is well settled by repeated decisions of this court that where conflicting charges are given, it is to be presumed that the jury may have followed that which is erroneous, and the case should be reversed. People v. Hancock, 7 Utah 180; People v. Berlin, 10 U. S. 39, reaffirms this doctrine. Marti v. American S. & R. Co., 23 Utah 52, is to the same effect, as is also Linden v. Mining Co., 20 Utah 144. See also Arnett v. Huggings, 70 Pac. 765.

In Konold v. Railway, 21 Utah 379, this court says: "Instructions on a material point in the case which are inconsistent or contradictory should not be given. The giving of such instructions is error and a sufficient ground of reversal, because it is impossible after verdict to ascertain which instruction the jury followed or what influence the erroneous instruction had in their deliberation."

The court erred in issuing a special venire for jurors under the provisions of chapter 132, page 154, Laws of Utah 1901, for the reason that a jury had been waived under the provisions of sections 3129 and 3167, Revised Statutes, and article 1, section 10, of the Constitution. In Nichols v. Cherry, 22 Utah 5, which is the only case where the Supreme Court of this State has passed upon the question, it was held that "under constitutional and statutory provisions like ours, the trial of a civil case at law by a jury is a personal privilege which either of the parties litigant may exercise or not as he chooses." In that case it was held that the plaintiff having complied with the statutory requirements had not waived a jury trial by failure to comply with a rule of the court. But the court said: "If, however, the demand and the deposit had not been

made in accordance with the statute the jury would have been waived.''

In Baltimore, etc., Co. v. Nugent, 39 L. R. A. 161, 165, it was held reversible error for the court to permit a trial by a jury after the same had been waived by failure to demand a jury in accordance with the statutory provision and the rules of the court. It appeared that the provision of the rules was not only that a jury should be waived if not demanded, but that unless demanded the case should be tried before the court without a jury.

In Cole v. Terrill (Tex.), 9 S. W. 668, the court said: ''While the jury law has been liberally construed we can find no authority in law or in the precedents which would secure the right to a jury where none of the conditions for securing it had been complied with.'' Cabell, etc., v. Shoe Co., 16 S. W. 811; Petri v. Bank, 18 S. W. 752; Petri v. Bank, 19 S. W. 379; Denton L. Co. v. Bank, 18 S. W. 962; Cruger v. McCracken, 26 S. W. 282; Adams v. Crawford, 48 Pac. 488; Kilpatrick v. Carr, 3 Abbott's Pr. 117; Hartmann v. Manhattan, 82 Hun 531; Randall v. Kehlor, 60 Me. 37; Pfister v. Dascey, 65 Cal. 403; Tunnel Co. v. McKinzey, 67 Cal. 485; Roberts v. Tremayne, 61 Mich. 264; People ex rel. Mabley v. Judge of the Supreme Court, 41 Mich. 31; Wheel & Emery Co. v. Edwards, 135 Mass. 591; McGeagh v. Nordberg, 55 N. W. 117; Rollins v. Notling, 54 N. W. 1118; Conneau v. Geis, 73 Cal. 176; Davidson v. Wright, 46 Iowa 383; Bailey v. Joy, 132 Mass. 356.

But even conceding for the sake of argument, but not otherwise, that the court has the discretion to allow a jury trial, still there was no warrant for calling the special jury which was called under chapter 132, Laws of 1901.

*Messrs. Powers & Straup* for respondent.

The record book of the C. P. Company was properly excluded for the reasons:

1. The subject-matter itself concerning which the memorandum related, the inspection of the car by the C. P. Company, even though had the memorandum been contemporaneous therewith, was itself incompetent and inadmissible.

2. The entry or memorandum did not, therefore, relate to a material or relevant fact which was a link of the chain constituting the main or principal thing, and was not therefore a part of the *res gestae.*

3. The memorandum did not relate to, nor was it concerning any transaction or dealing had between the parties, but falls within the well-recognized maxim, *res inter alios acta.*

4. That the proper foundation was not laid for its admission.

5. Such class of evidence does not stand upon any higher plane when the witness is alive than when dead; and the statute has fixed when such kind of evidence of a deceased may be admitted.

Independent of any statute, the rule at common law pertaining to such matters must be followed. For the common law in this State is in force, except as is modified by statute. At common law it was necessary, in order to make books of account (and this entry does not stand even upon so high a plain), admissible in evidence, that the entries therein should be proved by the clerk or servant who made them, if he was alive and could be produced, and that they should have been made by a person whose duty it was to make them, and that they were made in the ordinary course of business and contemporaneous with the delivery of the goods, so as to form a part of the *res gestae.* House v. Beak, 33 Am. St. 307.

It is true that this doctrine has been extended beyond mere book accounts, and to memoranda of other entries when made in the usual course of business and at or about the time of the transaction by a person not a party to the action "who is shown to have had means of personal knowledge of the fact recorded."

Such entry is competent evidence "if the person who made it is produced and verifies the handwriting as his own and testifies that it was so made, and correct when made, although he may have no present recollection whatever of the transaction; or if the person who made it is dead and his signature or handwriting is proved and he does not appear to have had any interest to falsify. If living, though he be without the jurisdiction, he must be produced." Abbott, Trial Evidence (2 Ed.), 398; Charlton v. Carey, 83 Minn. 232.

It has been said that these matters are admitted upon the theory of *res gestae*. It is apparent, of course, that it is not every memorandum made, or every entry of a book account that is admissible. As a first requisite it must relate to such a material thing or act as has a direct bearing upon the principal thing and is a part of the *res gestae*. It is essential that this act or thing to which it relates should itself be relevant and admissible. Thus if a declaration is material, but the act which it accompanies is important only as furnishing the occasion for making the statement, the evidence will be inadmissible. 24 Ency. of Law (2 Ed.), 663.

The sayings or declarations of third persons (whether oral or written matters not), are not evidence as a part of the *res gestae* unless they accompany the main act which they explain. Ordway v. Saunders, 58 N. H. 132. The acts which they accompany must be relevant and material, independent of what was said. Morrill v. Foster, 32 N. H. 358.

It must also be borne in mind that entries in account books of third persons, not parties to the suit, are not ordinarily admissible, since they usually fall within the transactions of *res inter alios acta,* and also because they are not made under the sanction of an oath, and the party against whom they are offered has no opportunity to cross-examine. 9 Ency. of Law (2 Ed.), 937, 938.

In another case it was held that a car inspector can only use his book of entries as to the condition of the cars to refresh his memory. The book itself can not be put in evidence. Hicks v. Railway, 63 S. C. 559; Lucas v. Railway, 67 N. Y. 833; Railroad v. May, 27 Am. and Eng. R. R. Cases, 151; McKeen v. Bank, 54 Atl. 50; Holt v. Pie, 120 Pa. St. 425; Perine v. Hotchkiss, 58 Barb. 77; State v. Thompson, 64 N. C. 74. So books of a railway company, kept for its own use, are not admissible on its behalf to disprove negligence. Railroad v. Cunningham, 13 Am. and Eng. Rd. Cases 529.

Even books of account of the cashier of a bank are not evidence as to strangers. Union Bank v. Call, 5 Fla. 409. This class of evidence falls within the well-recognized maxim *res inter alios acta*, the effect of which is, that a party litigant shall not be concluded or effected by the evidence, acts, conduct, or declarations of strangers. Treat v. Barber, 7 Conn. 274; Swart v. Sutherland, 51 Ill. App. 175. An account or memorandum with which one is not at all connected, or not at all connected with the transaction concerning which the memorandum relates, is inadmissible. Brickley v. Walker, 68 Wis. 563; Tobler v. Austin, 71 S. W. 407; Lumber Co. v. Huber, 64 Fed. 314; Swan v. Thurman, 70 N. W. 1023. This entry or memorandum could only be used to refresh his recollection in the event that Rogers was called as a witness and testified. But the memorandum itself even then, under the great weight of authority, would not be competent evidence. Baum v. Reay, 96 Cal. 462; Palmer v. Hartford Derge Co., 73 Conn. 182.

"The rule that a case must be reversed where instructions on a material point are contradictory, is not as unqualified as appellant contends for. If one party asks for an instruction which is given by the court, laying down a rule of law in language too broad and unqualified, and the other side then asks an instruction, which is also given, which qualifies and limits the

former instruction, and in some respects contradicts it, if the second instruction contains only sound law, the conflict between the two instructions is not an error of which the party can complain who obtained the instruction which was too broad and unqualified. It might be that this was error injurious to the other side, for the jury might not understand that one instruction was a modification of the other, and might be misled by the too broad language of the first. But they could not do wrong by being governed by the modification. The error could not be complained of by the party who got the wrong instruction, or the instruction not properly qualified and guarded." Lobdell v. Hall, 3 Nev. 515; Railroad v. Grover, 11 Kan. 302; Carroll v. People, 136 Ill. 456; Williams v. Railroad, 110 Cal. 457; Reardon v. Railroad, 114 Mo. 384; Miller v. Root, 77 Ga. 547; Witherby v. Thomas, 55 Cal. 9.

Counsel next complain, because this case was tried with a jury from a special venire, demanded and summoned in pursuance of chapter 132, Laws of Utah, 1901, page 154. Appellant's objection to this jury was, that inasmuch as the plaintiff had not demanded a jury, as provided by section 3129 of the Revised Statutes, he waived his right to any trial by jury, not only as to the general venire, but also as to any special venire; and also urged in the court below that the statute relating to the demand and summoning of an open or special venire is unconstitutional.

Many of the cases cited by counsel upon this question do not seem to be in point. For many are cases merely to the effect that "in an action at law a jury is waived if on the day set for the trial the parties appear and a trial is had before the court without objection." There is no contention whatever made, but that the plaintiff complied with this provision of the statute. Lommen v. Gas Light Co., 65 Minn. 196, 60 Am. St. Rep. 450; Vierling v. Brewing Co., 15 Mo. App. 125; Fowler v. State, 58 N. J. L. 423; Brown v. State, 62 N. J. L. 666; People v. Dunn, 31 N. Y. App. Div. 139.

Here, the plaintiff was entitled by statute to demand and have a special venire of jurors to try his case, the language of the statute being "to try such case," and where the demand and the application were made within the statutory period, as provided for such special jury, he was entitled to the same as matter of course, and the court had no discretion to refuse such demand. Goodson v. Brothers, 111 Ala. 589; Montgomery v. Thompson, 77 Ala. 448; Lommen v. Gas Light Co., 65 Minn. 196; Hulse v. State, 35 Ohio St. 421; Whitehead v. State, 10 Ohio St. 449; Nashville v. Shephard, 3 Baxter (Tenn.) 373; Railroad v. Peake, 87 Va. 130.

And when a jury is allowed by the court, under such circumstances, it will not be presumed that injury has accrued to either party in consequence of the issue of fact being tried by the jury instead of by the court. Doll v. Anderson, 27 Cal. 249; Bullock v. Lumber Co., 31 Pac. Rep. 367; Sheehan v. Malone, 71 N. C. 440; Burnham v. North Chicago Rd. Co., 8 Fed. 627; Ferra v. Shebot, 121 Cal. 223; Brown v. State, 89 Cal. 340.

BASKIN, C. J.—This is an action in which the plaintiff seeks to recover damages for injuries alleged to have been caused by the defendant's negligence in failing to furnish the plaintiff, while performing his duties as a servant of the defendant, reasonably safe cars and efficient brakes with which to perform his work, and to inspect the same and see that they were in a reasonably safe condition. The answer denied the alleged negligence, and pleaded assumed risk and contributory negligence by the plaintiff. From the judgment rendered in favor of plaintiff, the defendant appeals.

It appears from the evidence that the car alleged to have been defective belonged to the Canadian Pacific Railroad Company, but was in use by the defendant, and was numbered C. P. 90,727. The plaintiff was in-

jured on June 9, 1902. C. F. Harris, one of defendant's witnesses, on his examination in chief, testified as follows: "I was on duty on the 8th day of June, 1902, and inspecting cars at that time. I do not remember particularly inspecting car C. P. 90,727. I was inspecting a number of cars on that day. I keep a record of all the cars that I inspected. The book that you hand me is a copy of that record, and is in my handwriting. When we find any defect in a car, we note the defect opposite the car number. When we find a car in perfect condition, we do not make any entry whatever. That would indicate a clear record for the car, and that there was no defect in it. If there is any defect in the car, it is noted, providing it is not shopable. I mean by that, if it is not in good condition to run, it is required to go to the shop; then I would say 'Shop;' and, if I find any defect, I note that. Turning to my record of June 8, 1902, I find this car No. 90727, and I can tell from this record that I inspected that car. I did not find anything in relation to it; no defects whatever. The record is right there [indicating the book]. That indicates a clear record." This testimony having been given without any objection, and the witness' attention having been directed to a similar record respecting said car, made by L. R. Rogers, an inspector of the Canadian Pacific Company, of the date of June 12, 1902, three days after the plaintiff was injured, he further testified that: "The record that you hand me now is the record of L. R. Rogers, who was inspector for the C. P. Mr. Rogers, I think, now is in Los Angeles, California. I do not know whether or not he is in Ogden. I know his handwriting, and the entries in the book you have handed me are in Mr. Rogers' handwriting." Whereupon the attorney for the defendant offered the entry relating to said car in evidence. Plaintiff's attorney objected to the introduction of this entry on the grounds, among others, that it was incompetent and not the best evidence. The objection was sustained. The action of the trial court in sustaining the objection was

excepted to by defendant, and is assigned as error. Counsel for appellant contend that upon the foregoing showing the rejected entry was admissible, both as original evidence and as part of the *res gestae*. As the rejected entry was not made by either an officer or agent of the defendant company, and was not made until the third day after the accident, it was not competent as original evidence, nor as part of the *res gestae*. It was therefore properly rejected.

Instruction No. 8 given by the court is as follows: "The master must use reasonable care to provide a servant with reasonably safe appliances with which to perform his work, and he must use reasonable care and diligence to keep the same in a reasonably safe condition." And No. 10, given, is as follows: "The court instructs the jury that if they believe that the plaintiff was injured, as alleged in the complaint, while in the performance of his duty in switching cars, then the jury are instructed that the delivery of such car to plaintiff for use raises for his benefit the implication that the defendant had used suitable care and foresight in adopting it as an instrument or means to carry on its business, and that plaintiff could not rely upon the body of the car and its running gear being safe, but he could also presume that the brake on said car was in a reasonably safe condition." Afterwards No. 23, at the request of the appellant, was also given, as follows: "The duty which the defendant owed to its employees with reference to the car in question, if you find that it belonged to another company and was received for transportation over the defendant's lines, as hereinbefore stated, was not that of furnishing reasonably safe appliances for their use in the discharge of their duties, but was that of inspection, merely; and, if you find that this duty of inspection was performed with reasonable care, then the defendant is not liable, even though the appliances were in fact in a defective condition." The first two instructions were excepted to, and the specific exception presented in appellant's brief is that the

eighth and tenth instructions are in conflict with the twenty-third instruction. It is settled by numerous decisions of this court that the contract of employment imposes upon the master the duty of exercising reasonable and ordinary care in providing and maintaining reasonably safe machinery and appliances for the employees to work with; that this duty is a personal duty of the master, which can not be delegated so as to release him from responsibility; and that a failure to perform this duty is the negligence of the master, for which he is liable. Pool v. Southern Pacific Co., 20 Utah 210, 58 Pac. 326; Hill v. Southern Pac. Co., 23 Utah, 94-102, 63 Pac. 814; Daniels v. Railway Co., 6 Utah, 357, 23 Pac. 762, affirmed in Union Pac. Ry. Co. v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597; Allen v. Railway Co., 7 Utah, 239, 26 Pac. 297; Chapman v. Railway Co., 12 Utah, 30, 41 Pac. 551; Fritz v. Electric Light Co., 18 Utah 493, 56 Pac. 90. This duty applies as well to machinery and appliances which are not owned by the master, but are received and used in his business, as to machinery and appliances owned by him, and his duties in respect to both are the same. Texas Pac. Ry. Co. v. Archibald, 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188. In the opinion in the last-mentioned case, delivered by Mr. Justice White, it is said. "That it was the duty of the railway company to use reasonable care to see that the cars on its road were in good order and fit for the purposes for which they were intended, and that its employees had a right to rely upon this being the case, is too well settled to require anything but mere statement. That this duty of a railroad, as regards the cars owned by it, exists also as to cars of other railroads received by it, sometimes designated as foreign cars, is also settled. Baltimore & Potomac Railroad Co. v. Mackey, 157 U. S. 72, 91, 15 Sup. Ct. 491, 39 L. Ed. 624." The same doctrine is held in the following cases: C., B. & Q. Ry. v. Avery, 109 Ill. 314; Budge v. Morgan's L. & T. R. & S. S. Co. (La.), 32

South. 535, 58 L. R. A. 333; Youngblood v. Railroad
Co., 60 S. C. 9, 19, 38 S. E. 232, 85 Am. St. Rep. 824;
Mateer v. Missouri Pac. Ry. Co. (Mo. Sup.), 15 S. W.
970; Bender v. Ry. Co., 137 Mo. 240, 37 S. W. 132;
Gottlieb v. N. Y., L. E. & W. Ry. Co., 100 N. Y. 462, 3
N. E. 344; Sack v. Dolese, 35 Ill. App. 636; St. L. & S.
E. Ry. Co. v. Valirius, 56 Ind. 512; Union Stockyards
v. Goodwin, 57 Neb. 138, 77 N. W. 357. In the case of
Youngblood v. Railroad Co., supra, the trial court re-
fused to charge, as requested by the defendant, that:
''If the jury find from the evidence, if there be such evi-
dence, that the cars between which plaintiff is alleged
to have been injured were foreign cars (i. e., cars of an-
other company than defendant company), then it is on-
ly required of defendant to make an ordinary and rea-
sonable inspection of such cars for any defects which
may be discernible by an ordinary examination.'' In
the appellate court it was contended on behalf of the
defendant in that case ''that said request should have
been charged unqualifiedly, as it contained a correct
statement of the law applicable to the case, and prop-
erly drew the distinction between the duty of the de-
fendant with reference to foreign cars and cars of its
own, showing that, as to foreign cars, the duty of the
railroad company was not that of furnishing proper
machinery for service, and keeping the same in repair,
but it is one of inspection only, and was performed
when the defendant had made a reasonable inspection
of such foreign cars for any defects which might be
discernible by an ordinary examination; that the charge
of the presiding judge with reference to said request
was erroneous, in that it ignored the distinction sought
to be made, and drew a comparison only as to the in-
spection of the respective cars, leaving the general
proposition of law as to master and servant, as stated
in his charge, to apply alike to foreign cars as well as
cars of its own.'' The appellate court, in passing upon
defendant's contention, said: ''In the first place,
there was no testimony from which the jury had the

right to infer that they were foreign cars; and, in the second place, the proposition embodied in the request was not sound.'' That it was the duty of the defendant in this case, as held in the case in 170 U. S. 699, 18 Sup. Ct. 777, 42 L. Ed. 1188, before cited, to "use reasonable care to see that the cars employed on its road were in good order and fit for the purposes for which they were intended, and that its employees had a right to rely upon this being the case, is too well settled to require anything but mere statement.'' We are clearly of the opinion that the eighth and tenth instructions were warranted by the evidence, and correctly stated the law applicable to the case.

In respect to the twenty-third instruction, there was no evidence upon which to base a finding by the jury that the defendant's duty of inspection was performed with reasonable care before the plaintiff was injured. C. F. Harris, defendant's inspector, was the only witness who testified that any previous inspection had been made. He testified in chief: "I was on duty on the 8th day of June, 1902, and inspecting cars at that time. I do not remember particularly inspecting car C. P. 90727. I was inspecting a number of cars on that day. I keep a record of all cars that I inspected.'' The character of the record has already been shown herein. On cross-examination he testified: "I have no particular recollection of that car, outside of my record, nor of the number, so that, in testifying, I am relying entirely upon the record that I made then. It was not until yesterday that my attention was called to the fact that there was some trouble about this car.'' It is not claimed that any inspection, except that referred to by this witness, was made before the accident. What was done by him in making the inspection was not disclosed, and it appears from his statements that he himself did not know, and that only from his reliance upon the record made by him was he enabled to state that he had ever inspected the car at all. While there

28 Utah—24

was a radical conflict in the evidence respecting the condition of the car at the time the plaintiff was injured, there was ample evidence to justify the jury in finding that the car was not reasonably safe, and that, by the exercise of reasonable and ordinary care on the part of the defendant, its dangerous condition could have been discovered. We are clearly of the opinion that the trial court erred in giving the twenty-third instruction, because it was inconsistent with the other two correctly given, was not warranted by the evidence, and misstated the law applicable to the case. This brings us to the consideration of the question as to whether or not reversible error was committed thereby. On behalf of the appellant it is contended that, "where conflicting charges are given, it is to be presumed that the jury may have followed that which is erroneous, and the case should for that reason be reversed." It is reversible error to give conflicting instructions only where either of them is prejudicial to the party who properly takes exceptions thereto; but not so when, as in the case at bar, correct instructions are first given, and afterwards another is given at the request of the party excepting, which is favorable to him, but which is erroneous and in conflict with the previous ones. The giving of the erroneous instruction at the request of the appellant was not reversible error.

The plaintiff having, in open court, on the day next preceding the trial of the case, made the payment and demand for a new list of jurors authorized by section 1, chapter 132, page 154, Session Laws 1901, the judge, in pursuance of said section, ordered the sheriff to draw from the jury box the names of thirty jurors. The jury impaneled in the case was composed of persons drawn from the jury box and summoned to appear by the sheriff. The defendant objected to the trial of the case by a jury on the ground that both the plaintiff and defendant had waived a trial by jury, by not having demanded the same as provided by section 3129, Revised Statutes 1898. No demand

was made by either of the parties in accordance with section 3129. It is contended that, by the failure to demand a jury in accordance with said section, a trial by jury was waived by both parties, and that, thereafter the court's jurisdiction was limited to a trial without a jury, and that therefore the trial had was unauthorized and void. In the case of Whipple v. Preece, et al., 24 Utah, 364-376, 67 Pac. 1072, both sides expressly waived a jury, but the court declined to hear the case without one, and thereupon the plaintiff interposed a challenge. This court, in the opinion delivered by Mr. Justice BARTCH, said: "It is not claimed that any jurors were unfair or biased. . . . The verdict appears to be the legitimate result of the evidence. The testimony is not such as to indicate that, if the judgment were reversed, the plaintiff could or ought ultimately to recover. Under all the facts and circumstances of this case, viewed in the light of the provisions of the statute quoted and referred to, we are of the opinion that a reversal because of the irregularity complained of would not be justified. Railroad Co. v. Frazier, 25 Neb. 42, 40 N. W. 604; Prince v. State, 3 Stew. & P. 253." We are of the opinion that the court below possessed discretionary authority to direct a trial by jury notwithstanding the parties to the suit may have waived the same.

The other assignments of error being less plausible than those already passed upon, the record fails to disclose any reversible error.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.