## ROBERTSON v. KING.

1. **Contract**: FOR CONSTRUCTION OF BUILDING: BREACH OF. Evidence held to sustain a verdict allowing damages for the failure of a building contractor to furnish such materials as were specified in his contract.

*Appeal from Polk Circuit Court.*

THURSDAY, APRIL 21.

IN April, 1878, the plaintiff contracted in writing with the defendant to furnish the necessary brick and materials, and erect for the defendant a two story brick dwelling house. The contract was made with reference to certain specifications prepared by Wm. Foster, an architect, and provided that performance should be in strict accordance with said specifications and under the direction and to the satisfaction of said Foster, "whose opinion, certificate and decision on all matters pertaining to the intent and meaning of the plans and specifications or any part of them" should be binding upon the said plaintiff. The specifications contained this clause: "From the top of the foundation to the roof of the building to be constructed with good hard brick laid in close and full joints with coarse, sharp, and fresh lime mortar; outside wall with selected stock of brick of uniform color, and lay them in white mortar with neat struck joints." * * * *
Another clause was in these words: "all brick to be of best

quality, well burnt, hard brick." It was further provided in the specifications that in the event of any difficulty which might arise between the parties during the progress of the work, the architect should have power to decide, and from his decision there should be no recourse to law; and all payments for work to be made upon the certificate of the architect.

The plaintiff claims that he completed the work according to the contract, and that there is due to him thereon a balance of about $1,000; that the said Foster unreasonably and in bad faith declines to give him a certificate of compliance with the terms of said contract, and the defendant refuses to make payment of the balance due. A mechanic's lien was filed and the action is in equity for a judgment, and foreclosure of the lien.

The defendant denies that the plaintiff has kept or performed his contract, and avers that he failed, neglected and refused to furnish hard brick for the walls of said building, as he was bound to do, but on the contrary, against the protest of the defendant, and without the permission or approval of said architect, plaintiff built in said walls a large number of brick of a quality inferior and cheaper than those called for in said contract, and avers that plaintiff is not entitled to a certificate of compliance from said architect.

There was a trial to the court upon written evidence. A judgment and decree was entered for the plaintiff, but deducting from the amount claimed to be due about $200, because of the alleged inferior quality of part of the brick used in the construction of the building. Plaintiff appeals.

*Brown & Dudley*, for appellant.

*Barcroft & McCaughan*, for appellee.

ROTHROCK, J.—Without referring to the testimony of the witnesses in detail we may say that it appears by what must be regarded as a decided preponderance of the evidence that the brick used in the interior walls of the building, and in

the inner and middle course of the outside walls, were very many of them not what is denominated by masons as "good hard brick" nor "well-burnt hard brick." A large proportion of them was what some of the witnesses designate as *salmon* brick, which are not classed as hard brick. It also fairly appears from the evidence that, salmon brick are ordinarily used upon inside walls, and upon inside and middle courses of outside walls. It also appears in the evidence, without conflict, that the salmon brick, or such as were in part used in the building, are of considerably less value than well burnt, hard brick. It follows that if the plaintiff was bound by his contract to use hard brick in the construction of the walls, the use of any considerable number of soft brick would not have been a substantial compliance with the contract, so as to entitle him to recover notwithstanding slight and unimportant, and technical deviations, omissions or defects as was held in *Sinclair v. Talmadge*, 35 Barb., 602, and as intimated in *Fauble & Smith v. Davis*, 48 Iowa, 462.

If, therefore, the plaintiff is entitled to recover the contract price for the soft brick laid in the walls, it must be by reason of something outside of the written contract. It is claimed that before the contract was entered into, and before the plaintiff bid upon the work, in a certain conversation between the plaintiff and said Foster, the latter put a construction upon the specifications as to the quality of brick different from that now claimed by the defendant, and that under said construction and decision of the architect the brick used in the walls were such as were contemplated by the architect, and that defendant is bound by his acts and representations. But it does not appear that the defendant knew that any other construction was put upon the specifications than what the language thereof naturally imported. It was his right to require just such a quality of brick put into the building as he desired. There was no occasion for any construction or interpretation of the specifications in this particular. The language was plain, and explained itself. The plaintiff entered

into the contract and made the specifications a part of his undertaking, and he cannot be permitted to show by parol that something other or different was contemplated by the parties. Even conceding that the architect was the agent of the defendant, the evidence shows beyond question that the defendant while the walls were being erected constantly objected to the quality of the brick. It is claimed that he was unreasonable, and refused to comply with a request of the architect to select a certain specimen of brick which should be the standard of the quality to be used. It was not his duty to select the brick. He had the right to stand by his contract. It was the duty of the plaintiff to use hard brick, and without calling the defendant to his asssistance to determine their quality.

It is said the architect was satisfied with the plaintiff's performance of the contract, and unreasonably refused the certificate. It appears to us it is immaterial whether he was satisfied or not. If the contract was not in fact performed the plaintiff was not entitled to a certificate.

In conclusion we think the court correctly held .that the plaintiff did not comply with his contract, and in our opinion the damages allowed by reason of his failure were fully warranted from the evidence.

AFFIRMED.