[No. 5621.   Decided January 5, 1906.]

SOPHIA EKSTRAND, *Respondent*, v. A. BARTH *et al.*,
*Appellants.*[1]

PLEADINGS — BREACH OF BUILDING CONTRACT — COMPLAINT — CERTAINTY. It is not error to refuse to order a complaint for breach of a building contract to be made more definite and certain where it contained a copy of the specifications in full and alleged the substance of the contract.

DAMAGES—BREACH OF BUILDING CONTRACT—SALE OF PREMISES BEFORE SUIT. Damages sustained by the owner of premises by reason of the contractors' breach of a building contract are personal to the owner and do not abate upon a sale of the premises before suit.

CONTRACTS—FOR BUILDING HOUSE—DAMAGES FOR DEFECTS—PAYMENT AND ACCEPTANCE—ESTOPPEL—NO KNOWLEDGE OF DEFECTS. The owner of premises is not estopped to recover damages for the defective construction of a building by the acceptance of the work and a settlement with the contractors and by the fact that she was present during the progress of the work, where it appears that she was inexperienced and had no knowledge of the defect until after payment had been made, and relied upon the contractors as friends to properly build the house.

APPEAL—TRIAL DE NOVO—EVIDENCE—HARMLESS ERROR. The admission of improper evidence in a case tried before the court without a jury is harmless.

CONTRACTS—EVIDENCE—BUILDING INSPECTOR'S APPROVAL OF LOCATION OF BUILDING ENCROACHING UPON STREET—COMPETENCY. In an action for damages against contractors for improperly building and locating a house partly in the street, evidence that the city building inspector approved the building, is incompetent where it is admitted that the building encroached upon the street contrary to the terms of the defendants' contract to properly locate it.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 17, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a building contract. Affirmed.

*Charles A. Riddle,* for appellants.

*Larrabee & Wright,* for respondent.

[1]Reported in 83 Pac. 305.

MOUNT, C. J.—Respondent brought this action in the court below to recover from appellants damages alleged to have been caused by the faulty construction of a building in Seattle. The cause was tried to the court without a jury. Findings were made in favor of the plaintiff below, and a judgment entered in her favor for the sum of $648. Defendants have appealed.

The facts are, in substance, as follows: On the 10th day of July, 1902, respondent and appellants entered into a written building contract, whereby appellants agreed, for the consideration of $5,300, to furnish the material and construct for respondent, "in the best, most substantial, and workmanlike manner," and to her satisfaction, a frame building, consisting of four flats, on lot 1 in block 12 in Eastern addition to the city of Seattle, according to certain plans, specifications, and drawings attached to the contract and made a part of it. These plans, specifications, and drawings were made by one of the appellants, who was an old friend and acquaintance of the respondent. The superintendence of the work was left to the appellants, upon whom respondent relied. Soon after the execution of the contract, appellants proceeded to grade down the lot and to construct the building thereon.

Respondent stated to appellants that she wanted the building placed on the lot as near the street as was possible. There is some dispute as to whether the appellants undertook to locate the building on the lot where it was placed without the advice of the respondent. The respondent testified that she did not know the location of the lot lines, and was assured by one of the appellants that he knew the lines, that he had much experience in locating lot lines, and that he would place the house where it should be placed; while appellants testified that respondent herself gave directions where the house should be placed. We are inclined to follow the lower court upon this question, and believe the respondent's statements in this regard. The house was located on the lot in such a manner that the front porch extended about two and one-half

feet over the line of the lot, and upon the inside parking strip between the lot line and the sidewalk along the street.

During the time the building was in course of construction, the respondent was there frequently, and saw the work as it progressed. She saw nothing wrong about it and made no complaint, but authorized some minor changes in the specifications as extras. She was satisfied with the work as it appeared to her. About two weeks before the building was completed, she moved into one of the flats, and continued to reside there until the time of the trial. She paid for the work from time to time as demands were made upon her by the appellants. About October 28, 1902, the building was finished, and on that day a settlement was made of the accounts between the parties, and the full contract price of the building was paid by respondent to the appellants, and in addition thereto extras were paid for to the amount of $42.82, leaving a balance of $7.98 due the appellants.

Soon after this settlement was made, leaks began to appear in the roof of the building, the plastering became wet and broke and fell in places, the foundation settled and cracked, the doors sagged, the windows leaked rain into the house, and a cement floor turned water into the basement instead of away from it; and the respondent also learned that the house projected into the street, and she was notified by the city authorities to remove it. She thereupon called the attention of the appellants to these conditions, and they attempted to repair the roof and other defects, but without success. On February 7, 1903, respondent sold and conveyed the premises to her son, and thereafter, on May 7, 1904, brought this action to recover damages from appellants on account of failure to construct the building in the best, most substantial, and workmanlike manner.

Appellants first contend that the trial court erred in denying a motion to require the respondent to set out the contract in her complaint, and to make several paragraphs more definite and certain. The complaint contained a copy of the specifica-

tions in full. It also alleged the substance of the contract. The appellants could not have been misled by the failure of the court to sustain the motion, because the substance of the contract was set out, and because the items of damage were sufficiently specified. We do not think it necessary to quote the allegations or discuss them further in this opinion.

Appellants' principal contention upon this apeal is that respondent cannot recover in this action because she had sold and conveyed the premises before she brought the action, and because there is no evidence that she paid out any money to repair any of the defects in the material or construction of the building, or that she lost any rent on account thereof, or that she is now obligated to remedy any defects in the building, even if appellants did not perform their contract properly, or that she was compelled to sell the property for any less money on account of such defects. No authorities are cited to support the point above made, but appellants cite a number of authorities in support of the rule stated in 13 Cyc. 158, as follows:

"Where a contract has been defectively performed and damages are claimed for such reason, the damages should be measured by the difference between the value of the property in its defective condition and its value if it had been completed in compliance with the contract; and this rule obtains even where the property as delivered has no market value. The measure of damages in such cases has been held to be the costs and expenses reasonably necessary to make the work conform to the requirements of the contract, on the principle that plaintiff is entitled to work such as he contracted for."

This, in our opinion, is the correct rule for the measurement of damages in these cases, but it does not depend upon the fact whether or not the builder retains his ownership of the property or makes the necessary repairs to conform the building to the contract. He may, of course, make the repairs if he chooses, but he is not required to do so in order to recover. He may also keep the property, but his right of action does not depend upon that fact. He may sell it either

at a loss or at a profit, at a forced or a voluntary sale, but such sale does not deprive him of a right of action already accrued. The property may be lost to the builder by fire or other means after his right to damages for defective construction has accrued. In that event no one could reasonably claim that the right of action abated by the destruction of the property, and allege as a reason for the abatement that the builder had suffered no damages, and no expenses in repairs had been incurred and no damages resulted by reason of defective workmanship. If the contractor fails to perform his contract, the builder may, of course, recover damages therefor, as in case of the breach of any other contract. 30 Am. & Eng. Ency. Law (2d ed.), 1219. The damages are not against the freehold. They are personal to the builder, who has paid for the service and is entitled thereto or to be recompensed for his loss, without reference to the fact whether he has sold the premises or kept them. *Bryant v. Broadwell,* 140 Cal. 490, 74 Pac. 33.

Appellants next argue that, because respondent was present during the progress of the work and saw it done, and thereafter without objection took possession of the building and paid and settled for it, she thereby accepted the work and is estopped now to claim damages. It is true that, where an owner knows of defective work and materials used, and makes no objections, but accepts the work and pays for it, he cannot thereafter be heard to complain. But this rule does not apply where the payment is made and possession taken without notice or knowledge of the defects. 30 Am. & Eng. Ency. Law (2d ed.), 1232, 1233. It appears in this case that the respondent was a widow, without any knowledge or experience in building, and that appellants knew this fact. It also appears that she was present in the house while a part of the work was being done, but she had no knowledge of any of the defects until after she had fully paid for the work. At the time of her last payment, she was told that all defects would be carefully repaired. She learned of the defective

condition of the roof, of the windows, of the foundation, and of the fact that the front porch extended into the street, after the payments had been made. In fact it appears that she was a personal friend of the appellants, and gave the contract to them for that reason, and relied entirely upon them to build the house in accordance with the contract therefor, and relied upon their promise to make good any defects therein. Under these circumstances, her payment of the contract price and her occupancy of the building cannot be held to be an acceptance of the work such as to estop her from claiming damages.

Appellants complain because the court admitted certain evidence which is claimed to have been erroneously admitted, and rejected certain evidence which should have been received. In cases tried to the court without a jury, we have frequently held that the reception of improper evidence is not reversible error, because the case is tried here *de novo* and such evidence will not be considered. The evidence offered by appellants, and rejected by the court, was to the effect that the plans of the building showing the location of the building with reference to lot lines were filed in the office of the building inspector of the city of Seattle, and that the building inspector examined the premises and approved the building. It was admitted that the building encroached upon the street. The evidence offered was therefore clearly immaterial. Furthermore, it is not contended that the building inspector was authorized to permit buildings to be placed so that they would encroach upon the street, and even if he had such authority, the respondent had a right to have her building placed upon the lots as appellants had agreed to place it.

Appellants contend that the findings and conclusions of the lower court are not supported by the evidence, but after carefully examining the evidence, we think the findings are supported thereby. There is much conflict between the statements of the witnesses on the material points, but we think

the court properly found the facts in the case and arrived at substantial justice between the parties.

The judgment is therefore affirmed.

ROOT, HADLEY, FULLERTON, CROW, and DUNBAR, JJ., concur.