BOARD OF EDUCATION OF SALT LAKE CITY v. WEST et al. (GULBRANSON, Intervener).

No. 3371.    Decided December 6, 1919.    (186 Pac. 114.)    Rehearing denied January 2, 1920.

1.  JURY—STATUTORY ACTION FOR USE OF SUBCONTRACTOR ONE AT LAW.  An action by board of education under Comp. Laws 1917, section 3753, for use and benefit of a subcontractor against the principal contractor and his surety, is one at law triable by jury.  (Page 360.)

2.  JURY—JURY TRIAL—WAIVER.  Where an intervener in an action by board of education under Comp. Laws 1917, section 3753, for the use and benefit of a subcontractor against the principal contractor and his surety, did not demand a jury within time fixed by section 6782 for trial of the issues between himself and the general contractor, *held* that, where those issues were distinct from the rest of the case, intervener's legal right to a jury was waived.[1]  (Page 360.)

3.  JURY—DENIAL OF JURY TRIAL AFTER FAILURE TO DEMAND NOT ABUSE OF DISCRETION.  Where intervener did not request a jury trial in accordance with Comp. Laws 1917, section 6782, so as to be entitled thereto as a matter of right, *held* that, though the trial court might have exercised its legal discretion by ordering a jury trial on intervener's application thereafter made upon his showing a satisfactory excuse for failure to

---

[1] *Davis* v. *D. & R. G. R. Co.*, 45 Utah, 13, 142 Pac. 709; *Utah State Building & Loan Ass'n* v. *Perkins*, 53 Utah, 474, 173 Pac. 950,

make timely application, the denial of intervener's application for jury trial cannot be treated as an abuse of discretion, where there was no showing as to excuse for failure to make timely application.[2]   (Page 363.)

4.   DAMAGES—PRESUMPTION OF DAMAGES TO GENERAL CONTRACTOR BY SUBCONTRACTOR'S USE OF DEFECTIVE MATERIAL.   Where a subcontractor engaged to paint a school building used defective materials which did not comply with the contract and which would not last so well as those specified, the general contractor may recover damages resulting from the subcontractor's use of defective material; there being no presumption that the school authorities would not hold the general contractor to strict accountability and require compliance with the specifications of the contract.   (Page 366.)

5.   CONTRACTS—ACCEPTANCE WITHOUT KNOWLEDGE OF DEFECTS NOT EFFECTIVE TO WAIVE DEFECTS.   Where a subcontractor doing the painting on a school building, after being warned that defective materials would not be accepted, falsely assured the inspector for the school authorities that the materials used were substantially those specified in contract, any acceptance of the work based on such false representations of the subcontractor is not binding so as to prevent the general contractor, who would be required to make the deficiency good, from recovering from the subcontractor damages resulting from his failure to comply with the specifications.   (Page 366.)

6.   CONTRACTS—WAIVER OF DEFECTIVE PERFORMANCE BY PART PAYMENT.   Payment by contractor to subcontractor of a sum to apply on the subcontract, made before contractor knew that materials used by subcontractor were inferior and not in substantial compliance with the specifications and contract, was not a waiver of such defects.   (Page 366.)

7.   COSTS—COSTS DIVIDED WHERE ERROR IN JUDGMENT WAS ONE ONLY OF COMPUTATION.   Where the findings of fact of the district court were correct, and the only error in the judgment was one of computation, costs will on appeal be divided, though the cause was remanded, with direction to correct the error. (Page 367.)

Appeal from District Court, Third District, Salt Lake County; *H. M. Stephens*, Judge.

Action by the Board of Education of Salt Lake City against

[2] *Wood* v. *R. G. W. Ry. Co.*, 28 Utah, 351, 79 Pac. 182.

Con West and another, in which Charles J. E. Gulbranson intervened.-

From a judgment against the intervener, he appeals.

REMANDED, with directions.

*Evans & Sullivan,* of Salt Lake City, for appellant.

*Booth, Lee, Badger & Rich,* of Salt Lake City, for respondents.

CORFMAN, C. J.

Pursuant to the provisions of Comp. Laws Utah 1917, section 3753, part of a special statute (chapter 2, tit. 62), plaintiff, the board of education of Salt Lake City, commenced this action in the district court of Salt Lake county, for the use and benefit of Sullivan Plaster Block Company, against the defendant Con West, an original contractor engaged by the plaintiff to do the reconstruction work on a certain school building destroyed by fire, and his surety on bond, the defendant United States Fidelity & Guaranty Company. Numerous subcontractors, materialmen, and laborers intervened in the action as claimants against the defendants, and all of their rights were settled and finally determined by the district court with the one exception of Charles J. E. Gulbranson, the appellant here, who, as a subcontractor under West, had undertaken to do the painting of the school building. The complaint made in intervention by the aforesaid Gulbranson, hereinafter referred to as appellant, in so far as may be material here, was in substance and to the effect that, after the defendant Con West had entered into a contract with the plaintiff board of education, hereinafter referred to as the school board, and had furnished a bond pursuant to the statute, appellant furnished labor and material in painting said building amounting to and at the agreed price of $930; that the said Con West paid to the appellant on account of said

labor and material $700 and no more, leaving an unpaid balance due appellant of $230, for which sum a judgment is prayed, with attorney's fees and costs. The defendant West answered, denying that there was any sum due or owing appellant, and by way of cross-complaint alleged that the appellant had failed, without defendant's knowledge, before paying the $700 to appellant on account, to furnish certain specified materials according to specifications and contract and had used inferior materials in painting the school building, whereby and by reason whereof defendant had suffered damages to the amount of $727.50, for which judgment was prayed. The answer of the appellant, designated a reply, was to the effect that the defendant Con West had sustained no damage; that appellant had substantially complied with his contract; that the materials furnished by him were used with knowledge on the part of both the defendant Con West and the school board; that the work had been accepted and approved, and therefore the defendants were estopped from denying the sufficiency of the quality of the materials used and the work performed. The issues thus formed under the pleadings between the defendants and the appellant were tried to the court without a jury. The court found for the defendants and entered judgment against the appellant in defendant Con West's favor for $477.50 and costs. Appellant moved for a new trial, which motion was denied. He now appeals.

The errors assigned and complained of by appellant are numerous, but they may be grouped for convenience and considered as submitting for determination but three questions: First. Did the district court err in denying appellant's demand for a trial by a jury? Second. Are the findings of fact sustained by the testimony and in accord with law? Third. Do the findings of the district court support the judgment? We shall consider and discuss these propositions in the order named.

The action was brought, as hereinbefore pointed out, under and in accordance with the provisions of a special statute (chapter 2, tit. 62, Comp. Laws Utah 1917). 1, 2

The trial court held, and we think rightly so, that the action is one at law entitling a party to a jury trial when seasonably demanded in accordance with our statute, Comp. Laws Utah 1917, section 6782, which provides:

"Either party to an action of the kind enumerated in the preceding section [6781] who desires a jury trial of the same, or of any issue thereof, must demand it, either by written notice to the clerk prior to the time of setting such action for trial, or within such reasonable time thereafter as the court may order, or orally in open court at the time of such setting, and must at the same time deposit with the clerk the sum of five dollars; whereupon it shall be the duty of the court to order jurors to be in attendance at the time set for the trial of the cause. Money paid in accordance with this section shall be taxable as costs in the action. But the failure of a party who has demanded a jury to appear at the trial shall be deemed a waiver of such demand."

The constitutional provision (article 1, section 10, Const. Utah) leading up to the foregoing statutory enactment by the Legislature, in so far as may be material here, provides:

"A jury in civil cases shall be waived unless demanded."

The right to a jury trial in the present instance was denied the appellant by the trial court on the theory that appellant had waived such right. It is provided by statute (Comp. Laws Utah 1917, section 6827) that—

"All issues in civil actions shall be tried by the court, unless, in cases where a jury may be had, the same shall be demanded in the manner prescribed in section 6782 [hereinbefore quoted], or unless, in a proper case, a referee or master in chancry shall be appointed."

The question then arises: Did the defendant demand a jury in compliance with the statute, or did he otherwise waive his right to a trial by jury?

A proper determination of the question requires brief consideration as to the purposes of the special statute, section 3753, supra, under which the action was brought by the plaintiff. The purpose of the statute, among other things, is to enable creditors of or claimants against the contractor on public buildings to collect for work and materials furnished by them ratably and equitably from the contractor and his bondsmen in all cases to the full amount and extent of the surety bond. The right is accorded to any materialman or

laborer to intervene in the action within a specified time after due notice given by the plaintiff and have his right or claim adjudicated in the action. The present action was begun by the filing of the plaintiff's complaint December 1, 1917. The appellant filed his complaint in intervention December 21, 1917. The answer, counterclaim, and, cross-complaint of the contractor, defendant Con West, to the appellant's complaint in intervention was filed January 14, 1918, as was also the answer of the surety defendant, United States Fidelity & Guaranty Company. Other claimants also intervened within the statutory time, among them the Sullivan Plaster Block Company, for whom a jury trial was demanded on February 8, 1918, and one accorded it by the trial court. The case was then set for trial February 9, 1918, but did not come on for hearing until June 5, 1918, when the rights of all the claimants other than the appellant had been settled and determined. The record shows that, notwithstanding the case was originally set for trial February 9, 1918, the appellant made no demand for a jury to try his case until May 29, 1918, more than three months after the setting of the case for trial, at which time the case had narrowed down and was confined to the issues between the appellant and the defendants Con West and his surety, the United States Fidelity & Guaranty Company. As to the issues to be tried between the parties then before the court, no one of them had demanded a trial by jury in compliance with the statute according the right upon a demand or notice prior to the time of setting the case for trial. While it is true the action was brought by the plaintiff and the proceedings were being held before the court under one case name, as provided by a special statute, yet the fact remains, under the issues framed by the pleadings of the appellant and the defendants, that as to them it constituted a separate and independent action and one in which the immediate parties concerned with the issues to be tried might either demand or waive a jury trial under the statute. The appellant having failed to demand a jury to try the issues between himself and the defendants within the time allowed him under the statute, it must therefore be held that his legal

right to a jury trial was waived. *Davis* v. *D. & R. G. R. Co.*, 45 Utah, 13, 142 Pac. 709; *Utah State Building & Loan Ass'n* v. *Perkins et al.*, 53 Utah, 474, 173 Pac. 950. But it is further contended by appellant that the trial court had the discretionary power to order a jury trial upon the appellant's application, although the statute had not been complied with by him, and that the court's refusal was an abuse of legal discretion. Under authority of *Wood* v. *R. G. W. Ry. Co.*, 28 Utah, 351, 79 Pac. 182, and *Davis* v. *D. & R. G. R. Co.*, supra, we think the court had the power and might have exercised its legal discretion by ordering a jury trial upon appellant's application had appellant made some satisfactory showing that his failure to make timely application for a jury under the statute was excusable. He did not do that, and therefore nothing was before the trial court to invoke its legal discretion. In the absence of such a showing on the       **3** part of the applicant, we cannot conceive how the trial court could well do otherwise than refuse appellant's arbitrary demand made for a jury trial. In other words, a party to an action who desires a jury trial must either demand a jury in accordance with the statute (section 6782, supra) prior to the time of setting the case for trial or within such a reasonable time thereafter as the court may order. Otherwise the court must, saving the right to call to its aid a jury on its own motion, proceed to try the issues, unless some showing is made on the part of the applicant which will appeal to the legal discretion of the court as excusing the applicant's neglect to make timely application.

The contention is next made that the findings of the trial court are not supported by the testimony, and that the findings are contrary to law. The court found, in so far as may be material to the consideration of the questions thus involved:

That the contract price for the painting of the interior and exterior of the building according to the plans and specifications of the school board agreed upon between appellant and defendant Con West was $925, plus five dollars for the additional painting of some compo boards, in all $930; "that by reason of the failure to furnish and apply materials required by the specifications on the exterior of said building the said painting work thereon is inferior and will

require repainting within a short perior of time, and it will cost about the sum of $500 to repaint the exterior of said building; * * * that the painting materials furnished by said Charles J. E. Gulbranson and applied to the interior of said building were inferior in quality, and by reason thereof the said interior will require refinishing; that the reasonable cost thereof will be the sum of $227.50, and therefore the court finds that the defendant Con West was damaged in the sum of $227.50 by reason of inferior materials being used on the interior finish of said school building and the sum of $250 damages by reason of the inferior materials being used on the exterior of said school building; that the said defendant Con West has sustained a total damage of $477.50 by reason of inferior work and inferior materials being used by said intervener, Charles J. E. Gulbranson, in and under his contract for performing the labor and furnishing the painting materials for the painting work on the Liberty school building; that the said Con West advanced and paid to the said Charles J. E. Gulbranson prior to obtaining knowledge of the inferior work and inferior materials so furnished on said school building the sum of $700; that the said Con West paid said $700 to said Charles J. E. Gulbranson before the said Con West knew or had any knowledge that inferior materials were being used and inferior work being done by the said Charles J. E. Gulbranson on said school building; * * * that, by reason of the failure of the said Charles J. E. Gulbranson to furnish the materials and perform the labor required by said specifications for said school building and required by the contract between said Con West and the said Charles J. E. Gulbranson, said Con West was damaged in the sum of $477.50; * * * that said sum will be required to make the necessary changes to conform to said plans and specifications; and that the costs and expenses necessary to make said Liberty school building, in so far as the painting work is concerned, conform to said plans and specifications, is the said sum of $477.50."

The testimony conclusively shows that the several amounts found by the trial court in the foregoing findings are correct both as to what will be required in the way of materials and labor to make the painting of the interior and exterior of the building conform to the specifications furnished by the school board and according to the contract entered into by the defendant Con West and the appellant. We are also convinced that under the testimony the trial court's findings that the defendant Con West had no knowledge that inferior materials were being used by the appellant until after the labor of applying them or the work had been performed by the ap-

pellant is also sustained. The finding that the defendant Con West paid to the appellant $700 to apply on the contract price is conceded to be correct. However, it is contended by appellant that, inasmuch as the school board at the time of the trial had not made any deduction for inferior materials and work furnished by appellant for the exterior painting of the building as against the defendant Con West, said defendant had not actually suffered any deduction at the hands of the school board, and therefore he could not legally recover the amount of such damages, although actually occasioned under his contract with the appellant. In support of this contention appellant has cited as one authority the case of *Fisher* v. *Edgefield & Nashville Mfg. Co.* (Tenn. Ch.) 62 S. W. 27. The case cited is, in our opinion, not in point. The question there involved was whether an original contractor may be allowed damages in an action against his subcontractor for delay in completing a work before the original contractor has paid the owner the penalty that might be imposed by the owner under the contract for the delay. The Tennessee court held that, where there is a conflict in the testimony as to the cause of the delay in completing the work, and no liability has been fixed against the original contractor, an action would not lie against the subcontractor.

In the case before us, under the testimony, there was and can be no question that by reason of the appellant furnishing inferior materials the damages occasioned thereby was $477.50, and that that amount will be required to make the work conform to the specifications furnished by the school board and with the contract entered into between the defendant Con West and the appellant. There is nothing in the record before us to show that the school board had or will release and discharge the defendant Con West from his liability under his contract to do honest work and furnish the materials called for under the specifications; nor do we think it would be sufficient, as a matter of law, for the court to have indulged in the presumption that the school board would not hold its contractor to a strict accountability for not complying with the specifications furnished him. It is the general rule,

and one to which in our opinion the present case affords no exception, that damages are recoverable by way of deductions after specific work has been undertaken to be done under a contract and there has been a substantial failure to perform. Suth. Damages (4th Ed.) section 699, pp. 2597, 2598; *Wiebener* v. *Peoples*, 43 Okl. 32, 142 Pac. 1036, Ann. Cas. 1916E, 748. Nor do we think there was any waiver, under the circumstances, on the part of Con West by reason of the $700 payment made by him to the appellant to apply on the contract price. The testimony is clear and convincing that the payment was made, as the trial court finds, before knowledge that the materials used were inferior and not in substantial compliance with the specifications and contract. The testimony shows that Eli A. Folland, an inspector of the work for the school board, during the progress of the painting work being done on the building repeatedly protested that the materials being used were apparently not according to the specifications, at which time the appellant falsely represented and insisted that they were substantially the same. Moreover, the testimony further tends to show that the appellant was warned that defective materials would **4-6** not be accepted as complying with the provisions of his contract under which he was performing the work. The same rule with regard to acceptance obtains; that is to say, there must be an acceptance with knowledge on the part of the acceptor that the work or material is defective or inferior. Bowers, Law of Waiver, page 19; *Robertson* v. *King*, 55 Iowa, 725, 8 N. W. 665, 666; *Wiebener* v. *Peoples*, 43 Okl. 32, 142 Pac. 1036, Ann. Cas. 1916E, 748; *United States* v. *Walsh*, 115 Fed. 697, 52 C. C. A. 419; *Ekstrand* v. *Barth*, 41 Wash. 321 83 Pac. 305, 306; *Monahan* v. *Fitzgerald*, 164 Ill. 525, 45 N. E. 1013-1015.

It is further contended, however, on the part of appellant that the judgment entered by the trial court is not supported by the findings.

The trial court found, as pointed out, that the use of inferior materials on the interior painting of the building occasioned damage to the defendant Con West to the amount

of $227.50, on the exterior of the building to the amount of $250, and that the total damage by reason of said defective material used amounted to $477.50.  The court further found the contract price to be paid the appellant to be $930, and that the defendant Con West paid to appellant $700.  The total damage occasioned by the use of inferior material amounted to $477.50, and the actual benefits derived by the said defendant in the doing of the work by appellant would be the difference between the contract price and the damage occasioned by the inferior material, or $452.50.  The defendant having paid the appellant $700, he would be entitled to a judgment for the amount of the difference between $700, the amount paid, and $452.50, the actual benefits derived under the contract, or $247.50 only.

In view of the fact that the findings of the district court are correct and a re-trial of the case would, in our opinion, result in the same findings, and that no other result would be obtainable, it is ordered that the excessive judgment entered in defendant Con West's favor for $477.50 stand corrected and be entered herein against the appellant for $247.50 and costs of the district court.  It is further ordered that the case be remanded for that purpose to the district court, with directions that judgment be entered therein in accordance with the views herein expressed.

For the reason that the findings of the trial court were right and the rulings of said court must be affirmed in every particular with the exception of the error committed in the entry of an excessive judgment, it is further ordered that each of the parties pay one-half of the costs on appeal to this court.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.