# Richmond

HOMER C. OREBAUGH, INDIVIDUALLY, ETC. V.
ANNA ANTONIOUS.

May 1, 1950.

Record No. 3608.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*R. T. Armistead* and *R. H. Pride*, for the plaintiff in error.

*A. L. Bivins* and *A. Jeffery Bivins*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Anna Antonious was the owner of a building in Williamsburg which was used as a supper club, and she entered into a contract with Orebaugh, through her son, to furnish and install a heating plant in the building. She brought this action against Orebaugh to recover damages for a breach of the contract, claiming a number of material defects in the heating plant and that it was insufficient to heat the building and provide the necessary hot water for the building. A verdict of $3,000 was recovered against Orebaugh and the court below has approved the verdict.

On November 18, 1946, a written contract was made. The original amount agreed to be paid for the heating plant was $3,725. On February 12, 1947, a supplemental contract was entered into providing for the installation of ten additional radiators. The building was owned by Anna Antonious and was leased for business purposes. The installation of the heating system was completed in March, 1947, but in a short time a fire occurred and it became necessary to tear out certain wooden sills and replace them with steel "I" beams. After this work was completed Orebaugh rendered two bills, one for $5,280, and the other for $97.50, the latter amount covering certain extras. A. J. Antonious, the son, trading as the Powhatan Supper Club, Inc., tenant of the building, upon presentation of the bills, paid $750, and on April 18, 1947, Anna Antonious and John Antonious, another son, executed their note for the balance due on the contract, and made monthly payments on said note until December 15, 1947. Orebaugh then instituted a suit on the note and recovered a judgment against Anna and John Antonious. The defendants in that suit failed to make any appearance, and of course filed no plea of recoupment, set-off or counter-claim for the defects.

In June, 1948, Orebaugh instituted a suit to sell the property to satisfy the judgment, and then Anna, John, Anthony, and Sarah Antonious instituted a suit in the Circuit Court of the city of Newport News claiming to be the owners of the property and asking for damages for breach of the contract to install properly the heating system. This suit was partially tried on July 29, 1948, and the plaintiffs, at the conclusion of the evidence, took a non-suit.

In July, 1948, Anna Antonious sold the property and paid the defendant's judgment in full. Later, on the 25th day of August, 1948, the present action was instituted by her against Orebaugh, claiming damages for the breach of the contract to install properly the heating plant.

Upon the trial of this case uncontradicted evidence of experts was introduced which disclosed that after Mrs.

Antonious had sold the property they inspected the heating plant and that in order to place it in proper condition so it would provide sufficient heat and hot water, as was contemplated in the original contract, it would require an estimated expenditure of from $4,000 to $4,300. This testimony was strenuously objected to by counsel for Orebaugh, but the court admitted it over their objection.

It is conceded that the heating plant was defective, and the preponderance of the evidence discloses that it failed to heat the building satisfactorily; that it was air-locked and otherwise insufficient, and that it failed to heat the water hot enough to wash the dishes in compliance with health regulations.

The preponderance of the evidence also discloses that Orebaugh knew of these defects in the heating system from the complaints made to him by Anna Antonious and her son but that he never corrected them.

Anna Antonious never corrected the defects in the heating plant nor obligated herself to do so, but instead sold the property with the defective heating plant in it. She failed to show what price she received from the sale of the property, and she failed to introduce any evidence that she took less for the property than it would have brought if there had been installed in the building a sufficient heating system. Her counsel, at the bar of this court, conceded that there was no evidence tending to show that she sustained any loss by reason of the defective heating plant.

The two major points in the case are, first: Whether or not Mrs. Antonious waived the defects in the heating system by settling the account and closing it with a note upon which she made monthly payments from April until December without protest; and, second: Did she prove that she suffered any loss or damage by the installation of the defective heating plant?

Counsel for Orebaugh offered instruction "D" which was refused. This instruction, in effect, would have told the jury that the giving of the promissory note constituted

a waiver of all defects which were known to Mrs. Antonious at the time the note was given. It was not proper because it did not embrace the idea that it was necessary, in order to constitute a waiver, that it be intended as such.

A decision of the second point will be determinative of the case. The record has been scanned with great care and it discloses no evidence which would support or tend to support the conclusion that Mrs. Antonious had suffered any damage by reason of the defects in the heating system.

A great deal has been said about the true measure of damages in this case, but as we view it, we do not reach that question. For emphasis, we repeat, Mrs. Antonious did not pay to have the defects remedied or obligate herself to do so, nor did she introduce any evidence from which it could be determined that she suffered any loss or damage in the sale of the property by reason of the defective heating plant.

Sole reliance of counsel for Mrs. Antonious is placed on the case of *Ekstrand* v. *Barth* (1906), 41 Wash. 321, 83 P. 305. No doubt this case is authority for the proposition urged by her counsel, but we do not feel that it should control in the decision of the case. There Mrs. Ekstrand brought her action against Barth for breach of contract and the court held that in an action for damages for the defendant's failure to construct a house for the plaintiff in accordance with the contract the plaintiff was entitled to recover costs and expenses reasonably necessary to make the work conform to the requirements of the contract, notwithstanding that plaintiff had sold the house and that there was no evidence that she paid any money to repair any defects or was compelled to sell the property for any less on account of the defects than she would otherwise have obtained for it.

That case is quite similar on its facts to the one at bar, but we do not think the principle enunciated is sound or that it should be adopted as the rule in Virginia. It is difficult from reading the opinion to ascertain whether there was proof of damages, and if so, to what extent.

■ While it is true upon the breach of a valid and binding contract the law infers nominal damages, it does not infer or presume substantial or compensatory damages. The latter must be proven by competent evidence. They are such as indemnify the plaintiff and generally measure the plaintiff's actual loss and provide amends therefor. The plaintiff must not only show that he has sustained damages by reason of his rights being violated, but must show with reasonable certainty the extent of such damages. 5 M. J., Damages, secs. 7 and 8; 15 Am. Jur., Damages, sec. 7; *News Leader Co.* v. *Kocen,* 173 Va. 95, 3 S. E. (2d) 385, 122 A. L. R. 842, and *Burruss* v. *Hines,* 94 Va. 413, 26 S. E. 875.

■ A plaintiff is not allowed to recover for a breach of contract more than the actual loss sustained by him, nor is he allowed to be put in a better position than he would have been had the wrong not been done and the contract not been broken. 15 Am. Jur., Damages, sec. 13. To allow the plaintiff in this case to recover $3,000 damages when she has not proven she suffered any loss, would, in effect, accomplish that result.

The judgment is reversed and final judgment is now entered in favor of the plaintiff in error.

*Reversed and final judgment.*